BRYSON, Circuit Judge,
dissenting.
I agree that Ms. Willis is not entitled to an increase in the attorney fee award in this case. I reach that conclusion by a different path than the majority, however. In my view, this appeal should not be dismissed for lack of standing. Ms. Willis has a financial interest in the outcome of the dispute, and that financial interest is sufficient to satisfy the case or controversy requirement of Article III. The Supreme Court said as much in Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). In that case, a law firm sought an exemption for its fees from an order forfeiting its client’s assets. The Supreme Court noted that the law firm had plainly satisfied the case-or-controversy requirement of Article III because it had suffered an injury-in-fact. As the Court explained, “there can be little doubt that [the law firm’s] stake in ... the forfeited assets ... is adequate injury-in-fact to meet the constitutional minimum of Article III standing.” Id. at *1350 623 n. 3, 109 S.Ct. 2646. With respect to Article III standing, Ms. Willis is in the same position as the law firm in the Caplin & Drysdale case. She contends that she has a legal right to be paid her fee through a fee award from the Government Accountability Office (“GAO”), and that she will be entitled to receive that award if her factual contentions are sustained. Like the law firm in Caplin & Drysdale, Ms. Willis has clearly satisfied the injury-in-fact requirement: she has a financial stake in the matter that is “distinct and palpable”; there is a “fairly traceable connection” between her injury and the challenged action; and there is “a likelihood that the requested relief will redress the alleged injury.” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 102-03, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); see Lipscomb v. Wise, 643 F.2d 319, 320 (5th Cir. 1981) (attorneys have Article III standing to appeal denial of fee award because “[i]f the district court’s order is affirmed, they will suffer an economic injury in fact”).
Ms. Willis’s legal argument is that the regulations of the Personnel Appeals Board (‘TAB”), 4 C.F.R. § 28.89, and the statute referenced in those regulations, 5 U.S.C. § 7701(g)(1), give her an independent right to pursue a fee award. This is not a case in which Ms. Willis is attempting to enforce the rights of a third party. Her position throughout the fee award litigation has been that she is independently entitled to request and receive attorney fees for her work in connection with this case. Thus, her claim is not barred either by Article III standing limitations or by prudential standing concerns. Her case turns instead on whether she has a cause of action to enforce the statutory right to fees, and if so whether she has established the right to an increased award. See Davis v. Passman, 442 U.S. 228, 239-40 & n. 18, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (“standing is a question of whether a plaintiff is sufficiently adversary to a defendant to create an Art. Ill case or controversy, or at least to overcome prudential limitations on federal-court jurisdiction ...; cause of action is a question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court”); Steel Co., 523 U.S. at 97, 118 S.Ct. 1003 (determining whether plaintiff was a party entitled to sue under a federal environmental statute “is an issue of statutory standing. It has nothing to do with whether there is case or controversy under Article III”).[1]
On the merits, it is questionable whether Ms. Willis has a cause of action in a case like this one — i.e., whether an employee’s former attorney in a PAB proceeding is *1351 entitled to seek fees on her own behalf and appeal from a fee award decision without the participation of the employee. The PAB regulations provide that it is the employee who must request an attorney fee award, which suggests that the attorney does not have a right to request fees (or, by implication, to appeal from an award that the attorney regards as inadequate). The GAO, however, did not raise that issue on appeal. In fact, at oral argument the GAO acknowledged that Ms. Willis was entitled to appeal the attorney fee award, at least with respect to the issues as to which she was allowed to intervene in the PAB proceedings. The GAO has thus expressly waived any argument that Ms. Willis is barred from proceeding with her claim because she has no statutory or regulatory right to pursue it. For that reason, I would address the merits of Ms. Willis’s claim that the fee award was too low. In doing so, I would uphold the decision of the PAB, which was plainly justified for the reasons thoroughly canvassed by the Board and by the administrative judge. I would therefore affirm the decision below rather than dismiss the appeal.

. The patent standing cases to which the majority refers are not analogous. Because the injury caused by patent infringement, exists only by virtue of rights created by the Patent Act, a nonexclusive licensee who has no statutory patent right suffers no cognizable injury. See Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., 248 F.3d 1333, 1346 (Fed.Cir. 2001). By contrast, Ms. Willis has invested time and resources in representing Ms. Davis and thus, like the law firm in Caplin & Drys-dale, has a financial stake in the payment of her fee (and a corresponding financial injury) that was not created solely by the applicable attorney fee statute and regulation. The question whether and under what circumstances the statute and regulation grant her a right to relief is thus a merits issue, not an issue of Article III standing. The better analogy is found in antitrust law, where the Supreme Court has distinguished between "antitrust standing” and standing as a constitutional doctrine. See Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 535 n. 31, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) ("Harm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement of injury in fact, but tire court must make a further determination whether the plaintiff is a proper party to bring a private antitrust action.”).